UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KEITH TAYLOR, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 09-3404** |
| | * | |
| **TESCO CORPORATION (US), ET AL.** | * | **SECTION "L" (1)** |

### ORDER & REASONS

## I.   Background

This case arises from an accident aboard an oil platform in the Bay of Campeche off the coast of Mexico. Plaintiff Keith Taylor[1] alleges that he was employed by Pride Offshore as a motorman aboard RIG 1002, a fixed offshore oil platform allegedly owned by Pride International. The record indicates that Plaintiff, a Mississippi citizen, had worked on that platform for several years, pursuant to an employment contract governed by Singaporean law. On or about January 1, 2009, as he was inspecting a top drive allegedly manufactured by a Defendant, Plaintiff alleges that he slipped on some mud and lost his balance. In an attempt to regain his balance, Plaintiff extended his dominant arm into the partially guarded top drive and sustained injuries to his arm due to the "negligence, fault and/or strict liability of defendant" and the manufacturer's failure to provide a sufficient protective guard on the top drive. Plaintiff initially filed suit against Tesco Corporation (US) ("Tesco (US)"), alleging that Tesco (US) manufactured the top drive unit, seeking damages for past and future mental and physical pain

---

[1] The complaint also asserts causes of action on behalf of Plaintiff Taylor's wife and children for damages to relationships, loss of enjoyment of life, loss of support, and loss of consortium. Because the presence of these additional Plaintiffs does not affect the Court's analysis, for convenience the Court will refer to Plaintiff in the singular.

and suffering, permanent disability, past and future loss of wages, impairment of earning capacity, past and future medical expenses, loss of enjoyment of life, and other damages.

Plaintiff has received leave to amend his complaint several times to add additional Defendants. First, Plaintiff added Tesco Corporation (Canada), alleged to be the parent of Tesco Corporation (US) and the manufacturer of the defective top drive. Plaintiff subsequently amended again to correctly name that defendant as Tesco Corporation. Second, Plaintiff added Pride International, the alleged owner of the rig. Plaintiff alleges that Pride knew or should have known of the defective top drive unit and failed to take safety precautions. Third, Plaintiff added Mexico Drilling Limited, LLC, the alleged operator of the rig. Plaintiff asserts that Mexico Drilling knew or should have known of the defective top drive unit and failed to take safety precautions. Tesco Corporation, Pride International, and Mexico Drilling have not answered and have filed motions to dismiss on various grounds. (Rec. Docs. 46, 57). Plaintiff is a citizen of Mississippi. None of the named Defendants are Louisiana corporations.

## II.     Present Motion

Tesco (US) has filed a motion to dismiss pursuant to the doctrine of *forum non conveniens*. (Rec. Doc. 13). Tesco (US) argues that this Court should decline to exercise its jurisdiction because Mexico is a more convenient forum. It contends that Mexico is an available and adequate alternative forum for this dispute and that the relevant private and public interest factors weigh against having the dispute resolved in the Eastern District of Louisiana. Plaintiff opposes the motion and argues that as an American citizen his choice to sue in the United States is entitled to substantial deference; that Mexico is an inadequate forum; and that the public and private interest factors do not weigh in favor of dismissal.

**III.** **Law & Analysis**

A party seeking *forum non conveniens* dismissal "must demonstrate (1) the existence of an available and adequate alternative forum and (2) that the balance of relevant private and public interest factors favor[s] dismissal." *Vasquez v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 671 (5th Cir. 2003); *see also Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981); *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-09 (1947). Defendant bears the burden on all elements of the *forum non conveniens* analysis. *DTEX, LLC v. BBVA Bancomer, S.A.*, 508 F.3d 785, 794 (5th Cir. 2007).² "[T]he ultimate inquiry is where trial will best serve the convenience of the parties and the interests of justice." *Id.* (quotation omitted). "'[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'" *Id.* (alteration in original) (quoting *Gulf Oil*, 330 U.S. at 508).

As a preliminary matter, the parties dispute the weight to be given to Plaintiff's selection of this forum. "Ordinarily a strong favorable presumption is applied to the plaintiff's choice of forum." *DTEX, LLC.*, 508 F.3d at 794. "However, the plaintiff's choice of forum is not dispositive. Judicial concern for allowing citizens of the United States access to American courts has been tempered by the expansion and realities of international commerce." *Id.* Although citizens of the forum "deserve somewhat more deference than foreign plaintiffs," that

---

²Plaintiff refers the Court to the Fifth Circuit's opinion in *Baris v. Sulpicio Lines, Inc.*, in which the court opined that it "require[s] a defendant to put forth unequivocal, substantiated evidence presented by affidavit testimony" to support a motion for *forum non conveniens* dismissal. 932 F.2d 1540, 1550 n.14 (5th Cir. 1991). The Fifth Circuit has since clarified that a defendant must establish the existence of an available and adequate foreign forum through affidavits, but with respect to the other elements of the analysis a defendant need only provide "'enough information to enable the District Court to balance the parties' interests.'" *Empresa Lineas Maritimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 371-72 (5th Cir. 1992) (quoting *Piper*, 454 U.S. at 258).

3

choice "should not be given dispositive weight." *Piper*, 454 U.S. at 255 n.23. "As always, if the balance of conveniences suggests that trial in the chosen forum would be unnecessarily burdensome for the defendant or the court, dismissal is proper." *Id.* Thus, courts have held that suits by American citizens may be dismissed in favor of a foreign forum. *See, e.g.*, *Loya v. Starwood Hotels & Resorts Worldwide, Inc.*, 583 F.3d 656 (9th Cir. 2009) (affirming *fnc* dismissal of suit arising out of diving accident in Mexico); *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285 (5th Cir. 1989) (affirming *fnc* dismissal of suit arising out of employment contract performed and terminated in Saudi Arabia).

A.     **Alternative Forum**

A defendant seeking dismissal on the basis of *forum non conveniens* must demonstrate that an alternative forum exists which is both available and adequate. *McLennan v. Am. Eurocopter Corp., Inc.*, 245 F.3d 403, 424 (5th Cir. 2001). In this case, Tesco (US) argues that the courts of Mexico are available and adequate alternative fora in which the Plaintiff's claims should be litigated.

1.     **Availability**

First, an alternative foreign forum must be available. "A foreign forum is available when the entire case and all parties can come within the jurisdiction of that forum." *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000) (quoting *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1165 (5th Cir. 1987)). "District courts do not have to start from scratch each time they consider a forum's availability" and may rely on Fifth Circuit precedent finding Mexico to be an available forum in similar cases, absent some evidence distinguishing a case from precedent or a subsequent change in Mexican law. *See In re Ford*

*Motor Co.*, 591 F.3d 406, 413 (5th Cir. 2009). Indeed, the Fifth Circuit's precedent "create[s] a nearly airtight presumption that Mexico is an available forum" for a tort suit if the defendant submits to jurisdiction. *Id.*

Tesco (US) provides an affidavit from Arturo Arista Garza, Esq., an attorney practicing in Mexico since 1998. Mr. Garza has testified as an expert in Mexican law in other federal cases and opines that a Mexican federal court would entertain Plaintiff's suit against Tesco (US). Further, Tesco (US) expressly submits to jurisdiction in Mexican federal court in Ciudad del Carmen, Campeche, Mexico or Villahermosa, Tabasco, Mexico.[3] Pride International and Mexico Drilling are alleged to have contributed to Plaintiff's injury by failing to exercise proper safety precautions on the oil platform, and Tesco Corporation has represented in connection with other briefing that it possesses Mexican corporate subsidiaries. Accordingly, these parties also seem amenable to Mexican jurisdiction. Moreover, the Court is empowered (and indeed required) to condition *forum non conveniens* dismissal upon Defendants' consent to suit in the foreign forum through a return jurisdiction clause. *See In re Ford Motor Co.*, 591

---

[3]Tesco (US) argues that the Court should ignore the subsequently-added Defendants and analyze the motion to dismiss in the context of the case as it stood when the motion was filed, citing *In re Air Crash Disaster Near New Orleans, La. on July 9, 1982*, 821 F.2d 1147, 1166 (5th Cir. 1987), *vacated on other grounds sub nom. Pan Am. World Airways, Inc. v. Lopez*, 490 U.S. 1032 (1989), *opinion reinstated except as to damages*, 883 F.2d 17 (5th Cir. 1989). Tesco (US) is correct that a district court "should review the [*forum non conveniens*] motion in light of the status of the case at the time the motion is filed." *Id.* However, the Fifth Circuit so held when contrasting the time of filing the motion and "the time of the action's commencement." *See id.* The court held that developments after commencement of an action but before the filing of a motion to dismiss, such as "discovery, stipulations, admissions, [or] *the joinder or dismissal of parties*," should be taken into account. *Id.* Thus, "[t]he status of the case when a forum non conveniens motion *is decided* is most significant." *Id.* (emphasis added). Accordingly, the Court will consider the subsequently-added Defendants and the claims against them in determining whether dismissal of the entire case as it now stands is warranted.

F.3d at 414 (discussing use of return jurisdiction clause); *Constructora Spilimerg, C.A. v. Mitsubishi Aircraft Co., Inc.*, 700 F.2d 225, 226 (5th Cir. 1983). Thus, Mexico is an available forum for this dispute if dismissal is made contingent on each Defendants's submission to jurisdiction of the Mexican courts. *See Ford Motor Co.*, 591 F.3d at 414.

### 2. Adequacy

Second, the foreign forum must be adequate. "A foreign forum is adequate when the parties will not be deprived of all remedies or treated unfairly, even though they may not enjoy the same benefits as they might receive in an American court." *Alpine View*, 205 F.3d at 221. Plaintiff's assertion that "[i]t is defendant's burden of persuasion to show plaintiffs would be adequately compensated by a court in Mexico" overstates that burden; limits on damages or the availability of strict liability do not render a foreign forum inadequate forum even if those limitations render a claim economically nonviable. *See Gonzalez v. Chrysler Corp.*, 301 F.3d 377, 382-83 (5th Cir. 2002) (finding Mexico to be an adequate forum for wrongful death suit against tire manufacturer).

Tesco (US) provides an affidavit from Arturo Arista Garza, Esq., an attorney practicing in Mexico since 1998. Mr. Garza has testified as an expert in Mexican law in other federal cases. Mr. Garza discusses the remedies available to Plaintiff and his family members under the Mexican Federal Labor Law and Federal Civil Code, as well as the discovery procedures available.[4] Mr. Garza also opines that the derivative Plaintiffs would have a remedy for "moral damages" analogous to loss of consortium and the like. While the Mexican legal

---

[4]Plaintiff challenges Mr. Garza's opinions on the basis that he is a Mexican insurance defense attorney and that his account of Mexican law is therefore biased. Plaintiff does not challenge the accuracy of Mr. Garza's description of Mexican law.

system differs from the American and is not as permissive with respect to damages, the affidavit satisfies Tesco (US)'s burden to show that Plaintiff has a remedy in the Mexican court system.

In response, Plaintiffs argue that Mexico is an inadequate alternative forum because it lacks strict liability against product manufacturers, imposes a version of contributory negligence that absolves a defendant in the event of any Plaintiff negligence, and is unsafe and corrupt. Even if these allegations were completely accurate, they would not render the alternative forums inadequate. The absence of strict liability does not render a forum inadequate. *Piper Aircraft*, 454 U.S. at 255; *Gonzalez*, 301 F.3d at 381-82 & n.4. Likewise, limitations on the quantum of tort recovery that do not completely preclude recovery do not render a foreign forum inadequate. *See Gonzalez*, 301 F.3d at 382-83. Further, this Court is in no position to reach the political conclusion that Mexico is so hopelessly dangerous that its legal system is inaccessible and inadequate. Mexico is an adequate forum for this suit notwithstanding Plaintiff's arguments regarding the limited recovery available under Mexican law.

**B.      Public & Private Interest Factors**

If there is an alternative foreign forum, the Court then "consider[s] whether 'certain private and public interest factors weigh in favor of dismissal'" in favor of the more convenient foreign forum. *Karim v. Finch Shipping Co.*, 265 F.3d 258, 268-69 (5th Cir. 2001) (quoting *McLennan*, 245 F.3d at 424). The private interest factors include:

> (1) the ease of access to evidence; (2) the availability of compulsory process for the attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing witnesses; (4) the possibility of a view of the premises, if appropriate; and (5) any other practical factors that make trial expeditious and inexpensive.

*Saqui*, 595 F.3d at 213 (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)). The public interest factors include:

> (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized controversies decided at home; (3) the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; (4) the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) the unfairness of burdening citizens in an unrelated forum with jury duty.

*Id.* at 214 (citing *In re Air Crash Disaster Near New Orleans, La.*, 821 F.2d 1147, 1162-63 (5th Cir. 1987)). In weighing the private and public interests, no one factor is given conclusive weight, but the "central focus" of the *forum non conveniens* inquiry is on convenience. *See Dickson Marine Inc. v. Panalpina, Inc.*, 179 F.3d 331, 342 (5th Cir. 1999).

The parties dispute whether the Court should consider the private and public factors as they relate to the United States as a whole, or the Eastern District of Louisiana in particular. Tesco (US) urges the latter and emphasizes the lack of contacts between this case and Louisiana; Plaintiff urges that because he is a Mississippi citizen and certain of the Defendants are incorporated in Delaware or have their principal places of business in Texas, the private and public factors should be weighed as between Mexico versus the United States as a whole. Other Circuits have held that when a party seeks *forum non conveniens* dismissal to a foreign country, the analysis should balance the factors between that country and the United States as a whole, and not a particular district. *See Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 429-30 (1st Cir. 1991); *see also Reid-Walen v. Hansen*, 933 F.2d 1390, 1394 (8th Cir. 1991). On the other hand, "[a]lthough the relationship between the United States and a case generally should be considered, this does not mean that the relationship between the local federal court district and the case should not. Indeed, considerations of local inconvenience may be so strong as to a [sic] dwarf considerations of national convenience." *Windt v. Qwest Commc'ns Int'l, Inc.*, 529 F.3d 183, 191 (3rd Cir. 2008). The Fifth Circuit seems to permit a district court to conduct a *forum*

*non conveniens* analysis in light of the district's particular connections to the controversy. *See Vasquez*, 325 F.3d at 673 (affirming *forum non conveniens* dismissal where district court concluded that Texas had little local interest in controversy); *cf. Villar v. Crowley Maritime Corp.*, 990 F.2d 1489, 1498 (5th Cir. 1993) (contemplating that different district courts may be more or less convenient in *forum non conveniens* analysis), *abrogated on other grounds by Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211 (5th Cir. 1998), *rev'd*, 526 U.S. 574 (1999). The Court will consider the private and public factors as they relate to the comparative convenience of litigating this suit in the Eastern District of Louisiana versus Mexico.

The Court's analysis of the factors is informed by the international nature of this controversy. Plaintiff is a Mississippi citizen allegedly injured by a product manufactured in Canada while working on a drilling platform off the coast of Mexico pursuant to an employment contract governed by Singaporean law. It is clear that no single jurisdiction will be able to address the entire controversy without difficulties. However, it is also clear that no party is a Louisiana citizen, and the Court is hard-pressed to explain why this suit was filed in the Eastern District of Louisiana other than the coincidental circumstance that Plaintiff's attorneys are located here. With that in mind, the Court will weigh the private and public interest factors to decide whether the Eastern District of Louisiana is the least inconvenient venue for this suit.

### 1. Private Factors

The pertinent private factors weigh slightly in favor of dismissal. With respect to the first factor, much of the evidence, witnesses and documents relating to the events preceding and following Plaintiff's accident will be found in Mexico. Any evidence of the circumstances of the accident, repair or maintenance of the top drive that allegedly injured Plaintiff, and Plaintiff's

post-accident medical treatment in Mexican medical facilities will be found in Mexico, not in Louisiana. Likewise, evidence related to the safety precautions on board the oil platform will likely be centralized in Mexico. Tesco (US) testifies through an affidavit that evidence relating to the design or manufacture of the top drive would be located in Calgary, Alberta, Canada, or Houston, Texas, or possibly Tabasco, Mexico, but not in Louisiana. For his part, Plaintiff suggests that a number of his physicians and expert witnesses are found in Louisiana, and that depositions have been taken and the top drive at issue was inspected in Louisiana. However, those contacts appear to be merely derivative of the fact that Plaintiff's lawyers are from Louisiana; the Court is not convinced that a party should be able to manufacture convenience by selecting counsel in a district wholly unrelated to the controversy. Plaintiff also argues that the top drive at issue was originally shipped through Louisiana on its way to the Bay of Campeche. The product's fortuitous passage through this district does not weigh in favor of a Louisiana court entertaining a suit arising out of an injury at the product's ultimate destination. Although the pertinent evidence appears to be spread throughout multiple jurisdictions, little evidence is to be found in *this* jurisdiction. Accordingly, the accessibility of evidence favors Mexico over the Eastern District of Louisiana and the first private factor weighs in favor of dismissal.

With respect to the availability of compulsory process for the attendance of unwilling witnesses and the cost of obtaining attendance of willing witnesses, Tesco (US) argues that some non-party witnesses reside in Mexico and are outside this Court's ability to compel their presence. However, the same evidence suggests that those witnesses evidently do travel to the United States, albeit infrequently. In addition, Plaintiffs respond that these witnesses are only vaguely identified and argue that Mexican courts will likewise be unable to compel attendance of

foreign witnesses, such as those with knowledge of the design and manufacture of the top drive. No court will have complete compulsory power over all witnesses in this suit, and no matter which court hears the suit there will be costs involved in obtaining attendance of willing witnesses foreign to the forum. Accordingly, the second and third factors are a wash and do not favor dismissal in favor of Mexico.

Tesco (US) states that the fourth private interest factor, the possibility of viewing the scene of the incident, is not significant in the analysis, and Plaintiff does not contest that assertion. Thus, this factor does not weigh in favor of dismissal.

Finally, with respect to the catch-all of any other practical factors that make trial expeditious and inexpensive, Tesco (US) argues that dismissal in favor of Mexico is warranted because of translation issues related to Spanish-speaking witnesses and Spanish-language documents that will be critical to the case. Plaintiff responds, correctly, that a Mexican court will have the same problem with English-speaking witnesses and English-language documents. This factor does not weigh in favor of dismissal.

On the whole, the balance of the private factors weighs slightly in favor of dismissal. Although a Mexican court appears to be no more or less convenient with respect to securing witness participation and dealing with language issues, a Mexican court would have greater ease of access than this Court to a much broader range of relevant evidence. However, the Court cannot say that Tesco (US) has carried its heavy burden to show that, with respect to the private factors, Mexico is clearly a more convenient forum. Accordingly, the Court will proceed to the public factors. *See Saqui*, 595 F.3d at 214. Dismissal may be appropriate in light of the public factors even if the private factors do not favor dismissal. *See In re Air Crash*, 821 F.2d at 1166-

66.

### 2. Public Factors

The public factors strongly weigh in favor of dismissal. As noted above, this is an international controversy. This Louisiana federal court has little to no interest in a case arising out of a Mississippi citizen's injury on an oil platform in waters off the coast of Mexico, where no Defendant is a Louisiana citizen and no relevant conduct took place in Louisiana. Likewise, it is hardly fair to burden the citizens of this district with jury duty to hear a case so unrelated to the forum. In short, this is clearly not a "local controversy." Thus, the second and fifth factors weigh in favor of dismissal.[5]

The public interest factors related to application of foreign law weigh even more strongly in favor of dismissal. A complete choice-of-law analysis is neither prohibited nor required when considering the public interest factors. *See Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 725 (5th Cir. 1990); *Perforaciones Exploración y Producción v. Marítimas Mexicanas, S.A. de C.V.*, 356 Fed. App'x 675, 680 (5th Cir. 2009). However, the parties have briefed the subject and the Court can reach some tentative conclusions regarding the substantive law applicable to Plaintiff's claims. If this Court were to maintain the suit, it would apply Louisiana's choice of law provision. *Vasquez*, 325 F.3d at 674. Louisiana applies the law of the forum whose policies would be most impaired if its law were not applied, in the light of "(1) the relationship of each state to the parties and the dispute; and (2) the policies and needs of the interstate and international systems, including the policies of upholding the justified expectations of parties and

---

[5] The first factor, which addresses administrative difficulties related to court congestion does not weigh strongly for or against dismissal.

12

of minimizing the adverse consequences that might follow from subjecting a party to the law of more than one state." La. Civ. Code. art. 3515. In delictual cases such as this, courts also consider "the pertinent contacts of each state to the parties and the events giving rise to the dispute, including the place of conduct and injury, the domicile, habitual residence, or place of business of the parties, and the state in which the relationship, if any, between the parties was centered" and the additional policies of "deterring wrongful conduct and of repairing the consequences of injurious acts." La. Civ. Code. art. 3542. In light of the minimal Louisiana contacts to this dispute, the Court is hard-pressed to identify any Louisiana policy that might be impaired if Louisiana substantive law is not applied. No party is a Louisiana citizen, no injury occurred in Louisiana, and no tortious conduct is alleged to have occurred in Louisiana. It seems probable that Mexican substantive law would apply, in light of the substantial Mexican contacts to the accident and Mexico's interest in regulating its offshore oil industry.[6] Thus, this factor weighs strongly in favor of dismissal because "the court would be required to untangle problems in . . . law foreign to itself." *Piper Aircraft Co.*, 454 U.S. at 251.

Collectively, the public interest factors weigh strongly in favor of dismissal. We live in a

---

[6]Plaintiff sought and received leave to file an untimely supplemental memorandum in opposition emphasizing that the fixed oil platform on which Plaintiff was injured was more than 50 miles off the coast of Mexico. Plaintiff argues that because the platform is allegedly in international waters, Tesco (US)'s assumption that Mexican law applies is unfounded and Tesco (US) has not carried its burden to show that *forum non conveniens* dismissal is warranted. The Fifth Circuit has affirmed *forum non conveniens* dismissal of a case arising out of an accident on a Mexican oil platform 47.18 nautical miles from Ciudad del Carmen off the Mexican coast. *Saqui*, 595 F.3d at 208. Additionally, Tesco (US)'s expert, Mr. Garza, also opined that a Mexican court would have jurisdiction over the matter because it "occurred in Mexican territory." This authority and evidence suffices to meet Tesco (US)'s burden on this public factor. Morever, the location of the platform does not add any meaningful Louisiana contacts to the Court's choice-of-law analysis. Whatever substantive law will govern Plaintiff's claims, it is not Louisiana law.

global society and the law must adapt to that fact. The Fifth Circuit has acknowledged this reality and held that "[j]udicial concern for allowing citizens of the United States access to American courts has been tempered by the expansion and realities of international commerce." *DTEX, LLC*, 508 F.3d at 795. Although the court was addressing an American corporation doing business abroad, it applies equally to an American citizen working abroad injured in an accident having negligible connections to this judicial district. Accordingly, the Court exercises its discretion and declines to entertain this suit. However, this holding "does not necessarily mean that this action may not be maintainable in another federal district." *See Windt*, 529 F.3d at 191-92. For example, a number of the Defendants have their primary places of business in Houston, Texas, and Plaintiff is a Mississippi citizen. The Court takes no position whether those districts or any other forum would be more convenient than Mexico, but the Eastern District of Louisiana clearly is not.

**IV.   Conclusion**

IT IS ORDERED that Defendant's Motion is GRANTED, subject to a return jurisdiction clause as set forth below. This case will be dismissed from this Court's docket once each Defendant has tendered a written statement, to be filed into the record, assenting to be bound by the following conditions:

1) Defendants' agreement to appear and submit themselves to the jurisdiction of the Mexican courts, waiving any jurisdictional defenses they might normally possess and otherwise not obstructing reinstatement of this action in a Mexican court;

2) Defendants' waiver of any statute of limitations or laches-related defenses that they did not possess at the time the Plaintiff originally filed in this court or the complaint was

amended to assert claims against them;

3) Defendants' agreement to submit to discovery in the Mexican forum in accordance with the procedural rules of the Mexican court.

Should the Defendants fail to file the appropriate written statement by January 3, 2011, the *forum non conveniens* motion will be considered waived and this case will proceed to trial in this Court.

Should the courts of Mexico refuse to accept jurisdiction for reasons other than Plaintiffs' refusal to pursue an action or to comply with the procedural requirements of Mexican courts this Court may reassert jurisdiction upon timely notification of the same. The Court retains jurisdiction to supervise the terms of this dismissal.

New Orleans, Louisiana this 2nd day of November, 2010.

_____
UNITED STATES DISTRICT JUDGE