```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION
```

| | | |
|---|---|---|
| KEITH TAYLOR and BARBARA TAYLOR, INDIVIDUALLY AND ON BEHALF OF THEIR TWO MINOR CHILDREN, DAVID A. TAYLOR and DARYEL TAYLOR,<br><br>    Plaintiffs,<br><br>v.<br><br>TESCO CORPORATION (US), TESCO CORPORATION, PRIDE INTERNATIONAL, INC., and MEXICO DRILLING LIMITED, LLC,<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. H-11-00517 |

<u>MEMORANDUM AND ORDER</u>

This personal injury and products liability case was transferred here from the Eastern District of Louisiana. Pending at the time of transfer were: Defendants Pride International, Inc. and Mexico Drilling, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) on Basis of Prescription (Document No. 46), and Motion to Dismiss Tesco Corporation Pursuant to Fed. R. Civ. P. 12 (Document No. 57). After the transfer Plaintiffs filed their Motion to Dismiss Without Prejudice (Document No. 154) and Motion for Leave to File Timely Superseding Fourth Supplemental Amended Complaint (Document No. 185). After considering the motions, responses, replies, the arguments made by the parties at the June 23, 2011 scheduling conference, and the applicable law, the Court concludes as follows:

I.  Background

Plaintiff Keith Taylor alleges he was injured aboard a fixed oil platform in the Bay of Campeche off the coast of Mexico on January 1, 2009.  About four months later Plaintiffs sued Tesco Corporation (US) ("Tesco US") in the United States District Court for the Eastern District of Louisiana, alleging negligence and strict liability arising out of Tesco US's manufacture of the top drive on which Taylor was injured.[1]  Plaintiffs more than a year later filed two amended complaints, adding Defendants Tesco Corporation (Canada), Pride International, Inc. ("Pride"), and Mexico Drilling Limited, LLC ("Mexico Drilling," and together with Pride, the "Pride Defendants").[2]  Plaintiffs substituted Defendant Tesco Corporation for the incorrectly-named "Tesco Corporation (Canada)" by a third amendment to the complaint, filed September 2, 2010.[3]

Defendant Tesco US in April 2010 filed a motion to dismiss for *forum non conveniens*, which was later denied, and in July and August of 2010 Tesco Corporation and the Pride Defendants,

---

[1] Document No. 1.  Taylor's wife and children join him as plaintiffs; his wife asserts claims for loss of consortium, loss of enjoyment of life, and loss of support, and his children assert damage to the parental relationship.

[2] Document Nos. 36, 37.

[3] Document No. 72.

respectively, moved to dismiss Plaintiffs' claims against them based on the Louisiana one-year prescriptive law.[4]

In February, 2011, the case was transferred to this Court "for the convenience of the parties and witnesses, and in the interest of justice," pursuant to 28 U.S.C. § 1404(a).[5] Plaintiffs now seek to dismiss this action without prejudice in light of their desire instead to prosecute a substantially similar case that they filed in the 113th Judicial District Court of Harris County, Texas.[6] The

---

[4] Document Nos. 46, 57. "Prescription is the civil-law equivalent of a statute of limitations." Allstate Ins. Co. v. Torres, Civ. A. No. 06-5206, 2007 WL 3102791, at *2 n.1 (E.D. La. Oct. 23, 2007) (Vance, J.) (citing BLACK'S LAW DICTIONARY (8th ed. 2004); LA. CIV. CODE ANN. art. 3447 (West 2007)).

[5] Document No. 142 at 2.

[6] *See* Document No. 154 at 1. Plaintiffs assert that this Court lacks jurisdiction over the action because if it had been filed in Texas state court, it would not have been removable due to the presence of in-state defendants. *See* Document No. 154-1 at 5 (citing 28 U.S.C. § 1441(b)); Document No. 180. Section 1441(b) states that an action premised on diversity jurisdiction "shall be *removable* only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b) (emphasis added). Plaintiffs filed this case, however, in federal court in Louisiana. *See* Document No. 1. It was never removed, and removal jurisdiction under section 1441 does not apply. *See, e.g.*, Hurt v. Dow Chem. Co., 963 F.2d 1142, 1145 (8th Cir. 1992) ("Title 28 U.S.C. § 1441(b) makes diversity jurisdiction *in removal cases* narrower *than if the case were originally filed in federal court by the plaintiff*." (emphases added)). That Plaintiffs later filed a *separate* action in Texas state court does not affect the Court's jurisdiction over this case transferred from the Eastern District of Louisiana. Although Plaintiffs in their Superseding Fourth Supplemental and Amended Complaint allege that the "Court lacks subject matter jurisdiction empowering it to hear any matter alleged in this action," Plaintiffs' disavowal of the Court's jurisdiction does not deprive the Court of jurisdiction nor provide

Pride Defendants, Tesco Corporation, and Tesco US oppose Plaintiffs' motion to dismiss, asserting that dismissal of this case without prejudice would deny to the Pride Defendants and Tesco Corporation their valid limitations defenses under Louisiana law; and they would be left to defend Plaintiffs' claims in Texas state court in a suit that is not barred under Texas's two-year statute of limitations.

## II.   Discussion

Federal Rule of Civil Procedure 41 governs voluntary dismissal by a plaintiff. A plaintiff's dismissal of suit without prejudice is an "absolute right" if done "before the opposing party serves either an answer or a motion for summary judgment." FED. R. CIV. P. 41(a)(1)(A); Harvey Specialty & Supply, Inc. v. Anson Flowline, 434 F.3d 320, 324 (5th Cir. 2005). After the opposing party serves either an answer or motion for summary judgment, voluntary dismissal may occur only "by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2). Even then, however, "as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain

---

a viable basis for opposing the filing of the amendment. Because no prejudice to any party would merit denial of Plaintiffs' Motion for Leave to File Timely Superseding Fourth Supplemental Amended Complaint (Document No. 185), this motion is GRANTED, subject, however, to the Order set forth below granting Plaintiffs' dismissals of their claims against Tesco Corporation and Tesco US, without prejudice.

4

legal prejudice other than the mere prospect of a second lawsuit." Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 317 (5th Cir. 2002).

A.  Tesco Corporation

Although styled a "motion to dismiss," Plaintiff's March 18, 2011, filing had the effect of a Rule 41(a)(1) notice of dismissal as to any defendants who had not yet served either an answer or a motion for summary judgment. Matthews v. Gaither, 902 F.2d 877, 880 (11th Cir. 1990) ("The fact that a notice of dismissal is styled 'motion to dismiss' rather than 'notice of dismissal' is without consequence.'" (citing Williams v. Ezell, 541 F.2d 1261, 1263 (5th Cir. 1976); Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977))).

Tesco Corporation did not answer Plaintiff's complaint until June 20, 2011, after Plaintiffs had filed their Rule 41(a)(1) dismissal.[7] Tesco Corporation had previously filed only a motion to dismiss under Rule 12(b)(2)-(6).[8] A motion to dismiss, unless converted to one for summary judgment by receipt of matters outside the pleadings,[9] is not the equivalent of an answer or a motion for

---

[7] Document No. 171.

[8] *See* Document No. 57.

[9] *See* FED. R. CIV. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is

5

summary judgment pursuant to Rule 41(a)(1). *See* Exxon Corp. v. Md. Cas. Co., 599 F.2d 659, 661-62 (5th Cir. 1979) (noting that the right of unilateral dismissal under Rule 41(a)(1) "is not cut off by a motion to dismiss" unless the Rule 12(b)(6) motion to dismiss may properly be converted to a motion for summary judgment due to "the trial court's receipt of matters outside the pleadings"); *see also* In re LaChance, 209 F.3d 7280, 2000 WL 284032, at *2 (5th Cir. Feb. 9, 2000) (unpublished op.) ("[F]or purposes of Rule 41, a Rule 12(b)(6) motion becomes a motion for summary judgment unless all extraneous material presented is excluded by the court." (citing Exxon Corp., 599 F.2d at 661-62)); Bldg. Concepts and Designs Constr., Inc. v. Travelers Prop. Cas. Co. of Am., No. Civ.A. 06-2777, 2006 WL 2294866, at *2 (E.D. La. Aug. 7, 2006) (Vance, J.) (holding that "the tide of the strong weight of authority" supports a reading of Rule 41 wherein "the task before the Court is merely to determine whether an adverse party filed an answer or a motion for summary judgment before the entry of the notice of dismissal," and collecting cases).

At the Rule 16 scheduling conference, all parties agreed that there was no need for the Court to consider matters outside the pleadings on Tesco Corporation's and the Pride Defendants' motions to dismiss, and that conversion of that motion into one for summary

---

pertinent to the motion.").

judgment would be inappropriate.[10]  Accordingly, neither motion was converted into one for summary judgment.  Plaintiff's March 18, 2011 Rule 41(a)(1) "motion to dismiss" therefore effectively dismissed without prejudice Plaintiffs' claims against Tesco Corporation.  *See* Qureshi v. United States, 600 F.3d 523, 525 (5th Cir. 2010) (explaining that Rule 41(a)(1)(A)(i) dismissal is "immediately self-effectuating" without any action by the court); *see also* Plains Growers, Inc. v. Ickes-Braun Glasshouses, Inc., 474 F.2d 250, 255 (5th Cir. 1973) ("[W]e conclude that it was intended by the rule-makers to permit dismissal against such of the defendants as have not served an answer or motion for summary judgment, despite the fact that the case might remain pending against other defendants.").

Moreover, because Tesco US opposes Plaintiff's voluntary dismissal of suit based solely upon alleged prejudice to Tesco Corporation, it has not shown any "plain legal prejudice" to Tesco US to preclude application of the general rule that voluntary dismissals should be "freely granted."  *See* Elbaor, 279 F.3d at 317.  Plaintiffs' claims against Tesco US will therefore be dismissed without prejudice.[11]

---

[10] *See* Document No. 175 (Minute Entry Order).

[11] Prior to Plaintiffs' March 18, 2011 filing, the Pride Defendants filed a cross-claim for "Indemnity and/or Contribution" against both Tesco US and Tesco Corporation.  Dismissal of Plaintiffs' claims against Tesco US and Tesco Corporation has no effect upon the Pride Defendants' cross-claims; both Tesco parties

B.   The Pride Defendants

    1.   Rule 41 Dismissal Without Prejudice

The Pride Defendants, on the other hand, *did* answer Plaintiffs' suit before Plaintiffs requested voluntary dismissal.[12] Moreover, they have demonstrated that dismissal without prejudice will cause them "plain legal prejudice other than the mere prospect of a second suit," Elbaor, 279 F.3d at 317, because they have shown that the claims Plaintiffs filed against them in Louisiana are barred on their face by Louisiana's[13] one-year prescriptive

---

remain parties to this case with respect to those cross-claims. *See* Zoblotsky v. Tenet Choices, Inc., No. 03-2957, 2007 WL 2008506, at *1 n.1 (E.D. La. July 6, 2007) (holding same (citing Deauville Corp. v. Garden Suburbs Golf & Country Club, 165 F.2d 431, 432 (5th Cir. 1948); Heiser v. Ass'n of Apartment Owners of Polo Beach Club, 848 F. Supp. 1482 (D. Haw. 1993); Slotkin v. Brookdale Hosp. Ctr., 377 F. Supp. 275 (S.D.N.Y. 1974))); *see also* Aetna Ins. Co. v. Newton, 398 F.2d 729, 734 (3d Cir. 1968) ("[D]ismissal of the original complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." (citing Picou v. Rimrock Tidelands, Inc., 29 F.R.D. 188 (E.D. La. 1962); Fronmeyer v. L. & R. Constr. Co., Inc., 139 F. Supp. 579, 585-86 (D.N.J. 1956))); Lipford v. New York Life Ins. Co., No. 02 Civ. 0092, 2003 WL 21313193, at *3-4 (S.D.N.Y. June 9, 2003) (holding same (citations omitted)). Moreover, the Court retains supplemental jurisdiction over these cross-claims, despite any absence of diversity of citizenship between any of the Pride Defendants and Tesco US. *See* 28 U.S.C. § 1367(a); State Nat'l Ins. Co. Inc. v. Yates, 391 F.3d 577, 580 & nn. 16-17 (5th Cir. 2004) (holding that 28 U.S.C. § 1367(b)'s limitation on supplemental jurisdiction does not apply to cross- or third-party-plaintiffs).

   [12] *See* Document No. 138.

   [13] Post-transfer under 28 U.S.C. § 1404 for the convenience of the parties, this Court is "to apply the state law that would have

statute.[14] Indeed, Plaintiffs do not contest that "the claims have prescribed on the face of the complaint," but instead assert that prescription is either interrupted or avoided because of its timely suit of Tesco US, whom they assert is either a joint tortfeasor or "solidary obligor." However, Plaintiffs' arguments to avoid prescription are immaterial to analysis of their request for dismissal without prejudice. *See* Hyde v. Hoffman-La Roche, Inc., 511 F.3d 506, 510 (5th Cir. 2007) ("In Elbaor, we agreed with the district court that 'dismissal would *potentially* strip [the defendant] of a *viable* statute of limitations defense' under Texas law, even though the plaintiffs asserted that the discovery rule applied and even though it was not known whether limitations would be unavailable as a defense in a forum in which the suit might be refiled." (quoting Elbaor, 279 F.3d at 318)). Accordingly, Plaintiffs' motion to dismiss without prejudice will be denied as to the Pride Defendants.

---

been applied if there had been no change of venue," which means application of Louisiana state law upon transfer from the Eastern District of Louisiana. Loughan v. Firestone Tire & Rubber Co., 624 F.2d 726, 728 (5th Cir. 1980) (quoting Van Dusen v. Barrack, 84 S. Ct. 805 (1964)); *see also* Hengsgens v. Deere & Co., 869 F.2d 879, 880 (5th Cir. 1989) ("In diversity cases, of course, federal courts apply state statutes of limitations and related state law governing tolling of the limitation period." (citations omitted)).

[14] *See* La. Civ. Code art. 3492. Document No. 47 at 3.

9

2.  <u>Prescription</u>

"[W]hen the plaintiff's petition has clearly prescribed on its face, as here, the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted." <u>Rizer v. Am. Sur. & Fid. Ins. Co.</u>, 669 So. 2d 387, 388 (La. 1996). As noted, Plaintiffs assert that the Pride Defendants are either joint tortfeasors or solidary obligors with Tesco US, whom they timely sued. The filing of suit against one tortfeasor interrupts the running of prescription as against all joint tortfeasors. LA. CIV. CODE art. 2324(C). Likewise, "[t]he interruption of prescription against one solidary obligor is effective against all solidary obligors." <u>Rizer</u>, 669 So. 2d at 388 (citing LA. CIV. CODE arts. 1799, 3503). Plaintiffs may carry their burden of proof if the allegations in their petition and amended petitions, accepted as true, establish that the sued defendants are joint tortfeasors or solidary obligors. *See* <u>Vincent v. Tusch</u>, 618 So. 2d 385, 385 (La. 1993);[15] *see also* <u>Marchand v. State Farm Fire & Cas. Ins. Co.</u>, 897

---

[15] Although <u>Tusch</u> states this rule respecting whether a plaintiff has shown whether "the untimely sued defendants are solidarily liable," <u>id.</u>, and amendments to Louisiana's civil code have eliminated solidary liability for joint tortfeasors, *see* <u>Comier v. Clemco Servs. Corp.</u>, 48 F.3d 179, 182 (5th Cir. 1995); <u>Dumas v. State ex rel. Dep't of Culture, Recreation & Tourism</u>, 828 So. 2d 530, 537 (La. 2002), article 2324 still ensures "that the newly altered relationship between joint tortfeasors [is] still subject to the traditional rule on interruption," by expressly providing that joint tortfeasors, not just solidary obligors, interrupt prescription. *See* <u>Comier</u>, 48 F.3d at 182.

So. 2d 643, 646-47 (La. Ct. App. 1st Cir. 2004) (finding that timely filed petition interrupted prescription against later-sued defendants where "both the original and amending petitions involve the same accident and assert that the named defendants were jointly at fault in causing the accident" (following Doyle v. Mitusbishi Motor Sales of Am., Inc., 764 So. 2d 1041, 1044-45 (La. Ct. App. 1st Cir.), *writ denied* 765 So. 2d 338 (La. 2000))); *accord* Lowrey v. Tex. A&M Univ. Sys., 117 F.3d 242, 247 (5th Cir. 1997) (noting that, on a Rule 12(b)(6) motion to dismiss, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true").

Here, the complaint and amending complaints allege that Plaintiff Keith Taylor was seriously injured while inspecting a top drive "manufactured and/or sold by Tesco Corporation (US) and/or Tesco Corporation,"[16] that the top drive was unreasonably dangerous "due to . . . negligence and/or to poor product design and/or fabrication defects,"[17] and that each of the Pride Defendants "knew or should have known" about the allegedly defective top drive, but "failed to exercise safety precautions necessary to prevent

---

[16] Document No. 72 at 1-2 (Third Am. Cmplt.). The Fourth Supplemental and Amended Complaint filed pursuant to this Order, *see supra* n.10, recites the same facts relevant to the Court's analysis. *See* Document No. 185, ex. 2 at 3-4.

[17] Document No. 1 at 2 (Cmplt.).

11

injuries to workers."[18]  As in <u>Marchand</u> and <u>Doyle</u>, Plaintiffs' allegations "involve the same accident and assert that the named defendants were jointly at fault in causing the accident," <u>Marchand</u>, 897 So. 2d at 647, thereby carrying Plaintiffs' burden.

The Pride Defendants nonetheless assert that Plaintiffs have failed to carry their burden because Plaintiffs have not shown that Louisiana substantive law applies to this case, and therefore have not shown that the defendants are joint tortfeasors.[19]  However, nothing in article 2324 appears to limit the concept of "joint tortfeasor" to a joint tortfeasor under Louisiana substantive law, and the Pride Defendants have cited no case in support of such a limited reading of the statute.  To the contrary,

> [t]he Louisiana Supreme Court has long held that "prescriptive statutes are strictly construed against prescription and in favor of the obligation sought to be extinguished; thus, of two possible constructions, that which favors maintaining, as opposed to barring, an action should be adopted."

<u>Richard v. Wal-Mart Stores, Inc.</u>, 559 F.3d 341, 346-47 (5th Cir. 2009) (quoting <u>Lima v. Schmidt</u>, 595 So. 2d 624, 629 (La. 1992)).  Moreover, the concept of a joint tortfeasor is not unique to Louisiana law.  *See, e.g.*, BLACK'S LAW DICTIONARY 1497 (7th ed. 1999) (defining "joint tortfeasors" as "[t]wo or more tortfeasors who

---

[18] Document No. 36 at 3 (First Am. Cmplt.); Document No. 37 at 2 (Second Am. Cmplt.).

[19] *See* Document No. 54 at 2-3.

12

contributed to the claimant's injury and who may be joined as defendants in the same lawsuit"). To conclude that "joint tortfeasors" under article 2324 refers to "joint tortfeasors" only when Louisiana substantive law is applied is a less reasonable reading of this prescriptive statute than one that views the term as identifying a well-established concept in American jurisprudence.[20] It is therefore not pertinent that Plaintiffs have not demonstrated that Louisiana--or any other jurisdiction's-- substantive law specifically will apply to this suit.

    The Pride Defendants' motion will therefore be denied, but without prejudice because the Court's determination at this stage is based solely upon the pleadings. Presently there can be no ultimate determination whether Tesco US is liable to Plaintiffs for this accident and, if not, then Tesco US would not be a joint

---

[20] Indeed, Plaintiffs in their most recent amended complaint assert that Texas law governs their claims. If so, Texas follows the same concept of a "joint tortfeasor." *See* Gilcrease v. Garlock, Inc., 211 S.W.3d 448, 457 (Tex. App.--El Paso 2006, no pet.) ("Joint tortfeasors are defined as parties whose tortious conduct combines as a legal cause of a single and indivisible harm to the injured party." (citing Riley v. Indus. Fin. Serv. Co., 302 S.W.2d 652, 655 (Tex. 1957))). To the extent the Pride Defendants imply that Mexican law is different from Louisiana's or Texas's and should apply to Plaintiffs' claims, *see* Document No. 54 at 2-3, it is their burden to establish the differences, if any, between that law and the law of the local forum. RESTATEMENT (SECOND) CONFLICT OF LAWS § 136 cmt. f (1971) ("[T]he party who claims that the foreign law is different from the local law of the forum has the burden of establishing the content of the foreign law."). Upon their failure to do so, the court "is entitled to look to its own forum's law in order to fill any gaps." Banco de Credito Indus., S.A. v. Tesoreria Gen., 990 F.2d 827, 836 (5th Cir. 1993).

tortfeasor with the Pride Defendants. In the latter event, Plaintiffs' suit against Tesco US would not have interrupted the prescriptive period. *See* Hughes v. Pogo Producing Co., No. 06-1894, 2009 WL 367513, at *4 (W.D. La. Feb. 12, 2009) ("The Court notes it cannot determine at this time whether the plaintiffs' claims against ENI are prescribed. . . . The liability of the timely-sued defendants in this matter--Pogo and Discovery--has not been determined by this Court and must be determined either by way of motion prior to trial or at trial."); *accord* Renfroe v. State ex rel. Dep't of Transp. and Dev., 809 So. 2d 947, 950 (La. 2002) ("[A] suit timely filed against one defendant does not interrupt prescription as against other defendants not timely sued, where the timely sued defendant is *ultimately found* not liable to plaintiffs, since no joint or solidary obligation would exist." (emphasis added)).[21]

---

[21] Arguably, Tesco US may ultimately be held liable for Plaintiffs' injuries by virtue of Plaintiffs' prosecution of the Texas state court action against Tesco US. That such liability may be found in a Texas state court action does not preclude its interrupting effect. *Accord* Taylor v. Liberty Mut. Ins. Co., 579 So. 2d 443, 445 (La. 1991) ("Prescription is interrupted when an obligee commences an action against his obligor that is timely in a court of competent jurisdiction and venue under the law of the forum, regardless of whether the forum is a Louisiana Court. . . . Thus, such a suit . . . against a tortfeasor in a court sitting in another state has the same interruptive effect upon prescription of the obligation . . . as it would have if filed properly and timely in Louisiana.").

III.   Order

Accordingly, it is

ORDERED that Plaintiffs' Motion to Dismiss Without Prejudice (Document No. 154) is GRANTED with respect to Defendant Tesco Corporation simply as a memorial of Plaintiffs' dismissal without prejudice of Tesco Corporation, which was effective on March 18, 2011, when the motion was filed; the motion is GRANTED with respect to Tesco Corporation (US) for the reasons stated in the foregoing Memorandum; and the motion is otherwise DENIED.  It is further

ORDERED that the Motion to Dismiss Tesco Corporation Pursuant to Fed. R. Civ. P. 12 (Document No. 57) is DENIED AS MOOT.  It is further

ORDERED that Defendants Pride International, Inc. and Mexico Drilling, LLC's Motion to Dismiss Pursuant to Rule 12(b)(6) on Basis of Prescription (Document No. 46) is DENIED, but without prejudice to the motion timely being reasserted on their claimed defense of prescription if at a future time it is adjudicated that Tesco US is not a joint tortfeasor with the Pride Defendants.

The Clerk will enter this Order and send copies to all parties of record.

SIGNED at Houston, Texas on this 8th day of September, 2011.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE