IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEITH TAYLOR and BARBARA TAYLOR, INDIVIDUALLY AND ON BEHALF OF THEIR TWO MINOR CHILDREN, DAVID A. TAYLOR and DARYEL TAYLOR, | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. H-11-00517 |
| TESCO CORPORATION (US), TESCO CORPORATION, PRIDE INTERNATIONAL, INC., and MEXICO DRILLING LIMITED, LLC, | § § § § § | |
| Defendants. | § § | |
| PRIDE INTERNATIONAL, INC. and MEXICO DRILLING LIMITED, LLC, | § § § | |
| Third-Party Plaintiffs, | § § | |
| v. | § § | |
| TESCO CORPORATION (US), TESCO TESCO CORPORATION, INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, ILLINOIS NATIONAL INSURANCE COMPANY, STEADFAST INSURANCE COMPANY, and ZURICH INSURANCE COMPANY, | § § § § § § § § | |
| Third-Party Defendants. | § | |

MEMORANDUM AND ORDER

The following motions now come on for consideration: Insurance Company of the State of Pennsylvania's ("ICSOP") and Illinois National Insurance Company's ("INIC") Third-Party Defendants'

Motion to Dismiss (Document No. 189), and Third-Party Defendants Steadfast Insurance Company's ("Steadfast")and Zurich Insurance Company's ("Zurich") Motion to Sever Insurance Claims (Document No. 201), to both of which Pride International, Inc. and Mexico Drilling Limited, LLC ("Third-Party Plaintiffs") have filed their opposition. After carefully considering the motions, responses, the additional facts and arguments presented by counsel in the hearing held on September 24, 2012, and the applicable law, the Court concludes that Third-Party Plaintiffs' cross-action and third-party action filed at Document No. 138 should be severed and separately docketed.

## I. Background

This case arises out of injuries sustained by Plaintiff Keith Taylor when working in proximity to a top-drive on a fixed oil platform in the Bay of Campeche off the coast of Mexico on January 1, 2009.[1] The case was filed in the Eastern District of Louisiana, which transferred it to this Court "for the convenience of the parties and witnesses, and in the interest of justice," pursuant to 28 U.S.C. § 1404(a).[2] Before the transfer was ordered, Third-Party Plaintiffs cross-claimed against Tesco Corporation (US) ("Tesco

---

[1] Document No. 185-2 (4th Am. Cmplt.) at 3. See the Memorandum and Order signed September 8, 2011, for a more detailed description of the background. Document No. 188.

[2] Document No. 142.

(US)") and Tesco Corporation ("Tesco") for indemnity under terms of an alleged purchase agreement between those parties (which at the hearing Tesco's counsel identified as a 2008 agreement), and filed third-party claims against the Third-Party Defendant insurance companies that issued policies to Tesco, asserting that Third-Party Plaintiffs are additional insureds.  ICSOP is providing a defense to Third-Party Plaintiffs under a reservation of rights in the underlying case filed by the Taylors.  INIC's policy is for excess coverage behind ICSOP.  Steadfast, which is a subsidiary of Zurich, issued a policy to Tesco and is not providing a defense to Third-Party Plaintiffs, while Zurich, which issued no policy, is sued merely as the parent company of Steadfast.  ICSOP and INIC move to dismiss the Third-Party Plaintiffs' claims against them pursuant to Federal Rules 12(b)(1) and 12(b)(6).[3]  Steadfast and Zurich move to sever the Third-Party Plaintiffs' claims pursuant to Federal Rule 14(a)(4).[4]   The Tesco Defendants did not file a motion but suggested through their counsel at the hearing that they favor some alternative so that the third-party action will not "muck up" their defense of Taylor's product liability claims against them.[5]

---

[3] Document No. 189.

[4] Document No. 201.

[5] The Court is unsure whether "muck up" is intended as a new jurisprudential term of art or just a colloquialism, but gets the drift of counsel's argument.   Tesco appeared to agree that a severance would prevent such a deleterious muck up.

3

## II.  Motion to Sever

Under Rule 14(a)(4), "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." FED. R. CIV. P. 14(a)(4).  "When considering a request to sever the impleader claim and for its separate trial, the court typically is concerned with the effect the additional parties and claims will have on the adjudication of the main action—in particular, whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way." CHARLES ALAN WRIGHT ET AL., 6 FEDERAL PRACTICE AND PROCEDURE § 1460 at 534 (3d ed. 2010).

Third-party Plaintiffs allege that they furnished Tesco with "written Terms and Conditions" governing their relationship ("Tesco/Pride Contract"), which in paragraph 16 bound Tesco to "protect, indemnify and hold harmless the Buyer and its subsidiaries" from certain claims and losses, which applies to any liability Third-Party Plaintiffs may be adjudged to have to Taylor; and which further, in paragraph 22, binds Tesco to carry certain insurance policies and to include "Buyer Group as an additional insured with respect to all operations and work hereunder."[6]  In addition to their claim for contractual indemnity and contribution against the Tesco parties, Third-Party Plaintiffs allege that as

---

[6] Document No. 138.

4

additional insureds under policies issued to Tesco by ICSOP, INIC, and Steadfast, that the insurance companies owe to Third-Party Plaintiffs the duties to defend and to indemnify.[7]

The cross-claims on the indemnity clause of the Tesco/Pride Contract and the related third-party claims against the insurance companies are quite separate and distinct from Taylor's tort and products liability claims. Taylor is a Mississippi resident who was injured while working on an oil platform offshore Mexico. He alleges that the top drive motor manufactured, marketed, distributed, sold and/or serviced by Tesco (US) and/or Tesco was unreasonably dangerous due to negligence, poor product design, and/or fabrication defects, and that the Tesco Defendants failed to provide adequate warning and breached its warranty of fitness. Plaintiffs allege that the Pride Defendants (i.e., Third-Party Plaintiffs) assumed a duty for safety on the rig and knew of or should have known about the defective top drive engine but failed to exercise safety precautions necessary to prevent injuries to workers. Taylor further alleges that the Pride Defendants failed to provide a reasonably fit and safe workplace and failed to provide Keith Taylor with adequate training, instruction, supervision, and/or oversight. Plaintiffs in the underlying lawsuit allege nothing about the 2008 Tesco/Pride Contract, allege no claim based on such an agreement, and never mention any

---

[7] Id. at 15.

insurance policies obtained by Tesco pursuant to the Tesco/Pride Contract, all of which Third-Party Plaintiffs separately injected into the case with their cross-action and third-party claims.

Third-Party Plaintiffs' claims arise out of a different set of facts and have a completely different set of complexities than the underlying personal injury action.  Hence, when the Court conducted a hearing this week on whether to dismiss or sever the claims raised in the third-party action, Plaintiff's counsel chose not to appear, evidencing Plaintiff's obvious disinterest in secondary or collateral indemnity and insurance arrangements among Defendants if he is able to establish liability against the Tesco Defendants and/or the Pride Defendants.

Third-Party Plaintiffs claim that they are additional named insureds under policies issued to Tesco, but their claim is more complex than that of a typical additional named insured asserting a claim under an insurance policy.  Here, the Tesco/Pride contract requires that Plaintiffs be carried as an additional insured only "with respect to all operations and work hereunder," which, as the parties point out, implies that ultimately it must be determined-- if Taylor wins a judgment against the Pride Defendants--whether the liability is "with respect to all operations and work" done under the 2008 Tesco/Pride Contract.   The insurance companies also contend that they have no duty to defend, although ICSOP states it is providing a defense to Pride Defendants under a reservation of

rights.[8] In more straightforward cases between a named insured and his insurer, disputes on the duty to defend are often decided on cross-motions for summary judgment in an action separate from the underlying lawsuit. *See, e.g.*, Northfield Ins. Co. v. Loving Home Care, Inc., 363 F.3d 523 (5th Cir. 2004) ("The duty to defend is determined by consulting the latest amended pleading. . . . In contrast, the duty to indemnify is not based on the third party's allegations, but upon the actual facts that underlie the cause of action and result in liability.") (citations and quotation marks omitted). Also, a claim on the duty to indemnify ordinarily must await resolution of the underlying lawsuit and is typically dismissed without prejudice as not ripe if the underlying case has not been adjudicated. Here, as observed above, an even more complicated claim is made, for it is not the insured who asserts that the insurers owe a duty to defend, but rather putative additional insureds whose coverage evidently depends on whether any liability in the underlying case was "with respect to all operations and work" done under the Tesco/Pride Contract.

Further, a conflicts of law question may be present which possibly requires the application of different law in the

___

[8] ICSOP conceded at the hearing that it could cease to provide that defense at any time. Moreover, the fact that it defends the Pride Defendants under a reservation of rights implies a genuine controversy, which poses a substantive obstacle to dismissing summarily Third-Party Plaintiffs' action against ICSOP at the initial pleading stage.

contract/insurance policies case than in Taylor's underlying case. Third-Party Plaintiffs argue that because the case was filed in Louisiana, Louisiana law applies and that Louisiana permits direct actions against insurance companies. Because the case was first filed in Louisiana, the Court does look to Louisiana law in a conflicts-of-law analysis to determine what law governs. *See* Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 259 n.8 (1981) ("[A] court ordinarily must apply the choice-of-law rules of the State in which it sits. However, where a case is transferred pursuant to 28 U.S.C. § 1404(a), it must apply the choice-of-law rules of the State from which the case was transferred." (citations omitted)). Louisiana law evidently provides that an issue on conventional obligations is governed by the law of the State whose policies would be most seriously impaired if its law were not applied to that issue. *See* LA. CIV. CODE ANN. art. 3537 (2011). During the Court's hearing, counsel demonstrated that all three insurance policies were issued by the insurance companies to Tesco Corporation at its designated address in Houston, Texas. Houston is also the principal place of business of Tesco (U.S.). In addition, Third-Party Plaintiffs who claim to be additional insureds under the policies, have their principal place of business in Houston. Third-Party Plaintiffs were unable to cite a single point of contact between these insurance contracts and Louisiana, and they point to no policy of Louisiana law that would be impaired

8

by applying Texas law to these contracts.   Indeed, given the facts
that the insurance companies issued and mailed the insurance
policies to the insured at the insured's Texas office, that the
principals to the Tesco/Pride Contract each has its principal place
of business or its American office located in Houston, and that
neither the Tesco/Pride Contract nor any of the insurance policies
has any point of contact with Louisiana, it follows that Texas law
would be more seriously impaired if its law were not applied to the
indemnity contract and insurance policies.   On the other hand, a
separately contested choice-of-law issue is pending in Taylor's
underlying products liability and tort case, where parties
variously argue that the law of Louisiana, Texas, or Mexico applies
to Taylor's case.   The Court has not yet considered that choice-of-
law dispute but recognizes the possibility, under Louisiana choice-
of-law principles, that the law of a different state or nation
could apply to the underlying personal injury case.   This is one
further reason to sever the two cases.

Thus, to avoid undue complications and to simplify the issues
for trial and for pretrial consideration in this litigation, and
for the efficient administration of justice, a severance of the
cross-claim against the Tesco Defendants and third-party claims
against all insurance companies is warranted.   Because the Third-
Party Plaintiffs' claims against the Tesco Defendants and the
insurance companies are inextricably intertwined, Steadfast's and

9

Zurich's motion to sever will be granted not only as to those movants, but, in the interest of efficiency and justice, as to all parties named in Third-Party Plaintiffs' cross-claims and third-party action. ICSOP's and INIC's motion to dismiss will be denied without prejudice to its being refiled if and when appropriate in the severed action.

### III.  Order

For the foregoing reasons, it is

ORDERED that Third-Party Defendants Steadfast Insurance Company and Zurich Insurance Company's Motion to Sever (Document No. 201) is GRANTED and the Crossclaimants and Third-Party Plaintiffs Pride International, Inc.'s and Mexico Drilling Limited, LLC's crossclaim against Tesco Corporation (US) and Tesco Corporation seeking indemnity and/or contribution under the Tesco/Pride Contract, and entitlement to certain insurance coverage, and their third-party action against Insurance Company of the State of Pennsylvania, Illinois National Insurance Company, Steadfast Insurance Company, and Zurich Insurance Company (Document No. 138, pp. 9-17) is SEVERED from this case and shall be separately docketed by the Clerk of Court. It is further

ORDERED that the Clerk of Court shall assign a new case number to the severed action, which shall be entitled Pride International, Inc. and Mexico Drilling Limited, LLC, Plaintiffs v. Tesco

10

<u>Corporation (US), Tesco Corporation, Insurance Company of the State</u>
<u>of Pennsylvania, Illinois National Insurance Company, Steadfast</u>
<u>Insurance Company, and Zurich Insurance Company, Defendants</u>, and
the Clerk shall make a direct assignment of the case to the
undersigned Judge.  It is further

ORDERED that the Clerk shall place in the newly opened case
file, a copy of this Memorandum and Order, the cross-claim and
third-party action identified above at Document No. 138, and the
following additional filings:

| <u>Document No.</u> | <u>Document</u> |
|---|---|
| 165 | Defendants Steadfast Insurance Company and Zurich Insurance Company's Original Answer |
| 169 | Answer and Affirmative Defenses of Tesco Corporation (US) to the Cross-Claim of Pride International, Inc. and Mexico Drilling Limited, LLC |
| 170 | Answer and Affirmative Defenses of Tesco Corporation to the Cross-Claim of Pride International, Inc. and Mexico Drilling Limited, LLC |

It is further

ORDERED that Insurance Company of the State of Pennsylvania's
and Illinois National Insurance Company's Third-Party Defendants'
Motion to Dismiss (Document No. 189) is DENIED without prejudice,
and because these Third-Party Defendants have not answered, they
shall have twenty-one (21) days after the date of this Order to
move, answer, or otherwise plead.  It is further

11

ORDERED that all parties in making all future filings in the severed action shall use the new case number assigned by the Clerk and new title set out in the second paragraph of this Order.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 26TH day of September, 2012.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE