IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| KEITH TAYLOR and BARBARA TAYLOR, INDIVIDUALLY AND ON BEHALF OF THEIR TWO MINOR CHILDREN, DAVID A. TAYLOR and DARYEL TAYLOR, § § § § § § Plaintiffs, § § v. § § TESCO CORPORATION (US), § TESCO CORPORATION, PRIDE § INTERNATIONAL, INC., and § MEXICO DRILLING LIMITED, LLC, § § Defendants. § | CIVIL ACTION NO. H-11-00517 |

MEMORANDUM AND ORDER

Pending are Defendant Tesco Corporation's Motion to Dismiss Based on *Forum Non Conveniens* (Document No. 230), Defendants Tesco Corporation (US) and Tesco Corporation's Motion for Expedited Consideration of Choice of Law (Document No. 232), Defendants Pride International, Inc. and Mexico Drilling, LLC's Motion to Strike Answer of Tesco Corporation and Tesco Corporation (US) to Crossclaim (Document No. 305),[1] and Plaintiffs' Opposed Motion for

---

[1] This motion was to strike an Answer mistakenly filed in this cause by the Tesco Defendants when it should have been filed in the severed cause, No. H:12-CV-2889. The Answer and Pride's Motion to Strike are both superceded by Pride's First Amended and Supplemental Complaint, and the Tesco Defendants' Answer thereto, filed in the severed cause No. H-12-CV-2889. Accordingly, the Motion at Document No. 305 is GRANTED, both because the Tesco Defendants' Answer to the severed original crossclaim should not have been filed under this cause number and, in any event, it has been superceded.

Leave to File Fourth Supplemental and Amended Complaint (Document No. 306). Plaintiffs Keith Taylor and his wife assert claims *inter alia* of strict products liability and negligence against Defendants Tesco Corporation ("Tesco"), Tesco Corporation (US) ("Tesco US," and together with Tesco, "the Tesco Defendants"), Pride International, Inc. ("Pride"), and Mexico Drilling Limited, LLC ("Mexico Drilling," and together with Pride, "the Pride Defendants"), for injuries sustained by Plaintiff Keith Taylor when working on a fixed oil platform in the Bay of Campeche off the coast of Mexico on January 1, 2009. After carefully considering the motions, responses, and the applicable law, the Court concludes as follows.

## I. Motion to Dismiss Based on *Forum Non Conveniens*

Tesco moves to dismiss based on *forum non conveniens*, seeking--as Tesco US did when the case was before the Louisiana court--dismissal based on the assertion that Mexico is the proper forum for this litigation.[2] The United States District Court for the Eastern District of Louisiana conditionally granted Defendant Tesco US's motion to dismiss for *forum non conveniens*, provided that each Defendant agree to certain conditions, including their submission to the jurisdiction of the Mexican courts and waiver of any jurisdictional defenses not available to them when the case was

---

[2] Document No. 230-1 at 6.

2

first filed in Louisiana.³ The Tesco Defendants agreed to the foregoing and other conditions set by Judge Fallon, but the Pride Defendants did not, and therefore the case was not dismissed for *forum non conveniens*.⁴ Judge Fallon then transferred the case to this Court "for the convenience of the parties and witnesses, and in the interest of justice," pursuant to 28 U.S.C. § 1404(a). Document No. 142. The Pride Defendants, in response to the present motion, "reserve their rights to object to or reject any conditions placed on the dismissal."⁵

"A federal court sitting in diversity applies the federal law of forum non conveniens in deciding a motion to dismiss in favor of a foreign forum." DTEX, LLC v. BBVA Bancomer, S.A., 508 F.3d 785, 793 (5th Cir. 2007). The *forum non conveniens* analysis begins with deciding whether there is an alternative forum, considering the "amenability of the defendant to service of process and availability of an adequate remedy in the alternative forum." Id. "An alternative forum is considered available if the entire case and all parties can come within its jurisdiction." Vasquez v. Bridgestone/Firestone, Inc., 325 F.3d 665, 671 (5th Cir. 2003). If an alternative forum exists, the Court then weighs both private and public interest factors to determine if dismissal is appropriate.

---

³ Document No. 123 at 14-15.

⁴ Document Nos. 133, 134, and 136.

⁵ Document No. 241 at 1.

3

Saqui v. Pride Cent. Am., LLC, 595 F.3d 206, 212 (5th Cir. 2010). Tesco bears the burden of proof on all elements of the analysis. DTEX, LLC, 508 F.3d at 794. The Court applies a strong presumption in favor of the plaintiff's choice of forum, which should not be disturbed unless the private and public interest factors weigh strongly in favor of another forum. Piper Aircraft Co. v. Reyno, 102 S. Ct. 252, 265-66 (1981).

Tesco contends that Mexico is an available alternative forum, and cites case law so holding in situations *where defendants agree to submit to its jurisdiction.* Saqui, 595 F.3d at 212; In re Ford Motor Co., 591 F.3d 406, 412 (5th Cir. 2009). In this case, however, the Pride Defendants have already declined to submit themselves to the jurisdiction of Mexican courts, and indicate that they would likewise oppose any conditions imposed by this Court were it to conclude that dismissal is appropriate. Tesco's motion therefore impliedly argues that this Court should unconditionally grant the motion. Tesco states that Mexico Drilling is amenable to suit in Mexico because it has its principal place of business in Mexico, and both Pride Defendants are amenable to suit in Mexico because they stated in an earlier filed 12(b)(2) motion that Plaintiffs could have brought this suit against them in Mexico.[6] However, Tesco provides no explanation of whether service of process could be executed on the Pride Defendants, and Houston-

---

[6] Document No. 230-1 at 10-11 (citing Document No. 46-1 at 9).

4

based Pride, in particular; how it would be so executed; how Mexican law would determine whether the Pride Defendants were amenable to suit there; and whether the Pride Defendants would meet the jurisdictional requirements of a court in Mexico.[7] Simply put, Tesco has not shown that all Defendants are amenable to suit in Mexico and, therefore, has not met its burden to show that Mexico is an available forum. The Court cannot unconditionally dismiss this case without adequate assurance that Mexico is an available forum. "Dismissal of an action because of forum inconvenience when there is in fact no alternative forum is an abuse of discretion." Constructora Spilimerg, C.A. v. Mitsubishi Aircraft Co., Inc., 700 F.2d 225, 226 (5th Cir. 1983) (finding that district court abused its discretion when it unconditionally dismissed case where it was not clear that the alternative forum was available and adequate and holding that when such is not clear, the district court can only dismiss if it imposes conditions, such as requiring parties to accept service and waive objections to personal jurisdiction). Tesco's motion is therefore denied.

---

[7] The Court further notes that Tesco seeks dismissal to either Campeche or Tabasco, Mexico but addresses the availability of suit contention to Mexico in general, providing the Court with no explanation regarding whether there is or might be a difference in the Pride Defendants' amenability to suit in either location. See Vasquez, 325 F.3d at 671 (parties submitted to the jurisdiction of the State of Nuevo Leon).

## II. Expedited Consideration of Choice of Law

The Tesco Defendants' Motion for Expedited Consideration (Document No. 232) seeks an immediate resolution of the choice of law issue. A determination of choice of law is necessarily a fact intensive process. Also pending are motions for summary judgment filed by all Defendants. At this stage, it will be more efficient to consider the choice of law question concurrently with the Court's consideration of the motions for summary judgment. The motion for expedited consideration is therefore DENIED.

## III. Motion for Leave to File Amended Complaint

Plaintiffs' Opposed Motion for Leave to File Fourth Supplemental and Amended Complaint (Document No. 306), which should be denominated *Fifth* Amended Complaint because Plaintiffs' Fourth Supplemental and Amended Complaint (Document No. 185-2), is currently the live pleading in the case. Plaintiffs desire to amend to add a claim for punitive damages.

Federal Rule of Civil Procedure 15(a) provides that the court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). While the decision whether to grant leave is left to the discretion of the court, the Fifth Circuit has stated that "discretion in this context may be misleading, because Fed. R. Civ. P. 15(a) evinces a bias in favor of granting leave to amend. . . .

Stated differently, district courts must entertain a presumption in favor of granting parties leave to amend." <u>Mayeaux v. Louisiana Health Serv. & Indmen. Co.</u>, 376 F.3d 420, 425 (5th Cir. 2004) (quotation omitted). In deciding whether to grant leave to file an amended pleading, the district court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. <u>Wimm v. Jack Eckerd Corp.</u>, 3 F.3d 137, 139 (5th Cir. 1993) (citations omitted); see also <u>Foman v. Davis</u>, 83 S. Ct. 227, 230 (1962) (identifying the same factors).

Plaintiffs contend that their proposed punitive damages claim is based on additional facts elicited at the October 17, 2012 deposition of Tesco's corporate representative. The testimony, together with a previously produced report and safety bulletin, pertain to a prior accident in Australia where a worker lost parts of several of his fingers due to contact with a Tesco-manufactured top-drive.

The Tesco Defendants challenge the motion to amend for three reasons. First, they argue that the amendment is untimely because Plaintiffs have possessed the report on the Australian accident and the safety bulletin since March, 2012. Second, the Tesco Defendants contend that evidence regarding the previous accident is inapplicable. And third, they assert that the addition of a

7

punitive damages demand changes the landscape of the case and would cause undue delay and prejudice to the Tesco Defendants.

While the Tesco Defendants are correct that this case is three years old, they do not contend, nor does the Court find, that Plaintiffs have purposely sought to delay adjudication of the case, or that the present motion is tainted by dilatory motive. It appears that Plaintiffs did not have access to the report about the previous accident and the safety bulletin until March, 2012, and Plaintiffs contend that it was not until the October 17, 2012 deposition of Tesco's corporate representative that they learned additional facts that they believe merit an award of punitive damages. Within a month thereafter Plaintiffs moved to amend. All things considered, the motion to amend does not come so late as to require that it be denied.

The Tesco Defendants further contend that the previous Tesco top-drive accident is so factually dissimilar as to require its exclusion from evidence at trial.[8] The Tesco Defendants ultimately may be correct on their evidence objection, but such is not so manifestly certain at this stage of proceedings as to preclude Plaintiffs from filing the amended complaint.

Finally, the Tesco Defendants contend that the amendment will substantially change the case and therefore prejudice them and

---

[8] Document No. 311 at 4-5.

cause undue delay.[9] They assert that because punitive damages require evidence of knowledge and intent, they will have to conduct additional discovery because the witnesses deposed have not been questioned on these topics.[10] Some additional discovery may be appropriate, but evidence of knowledge and intent, or the absence of such, would appear to be within the domain of the Tesco Defendants and their representatives, and hence should not place an unreasonable discovery burden on them.

The Tesco Defendants' alternative request for enlargement of time if the amended complaint is allowed is well taken, and also will be GRANTED, to allow a period of 45 days for additional pretrial discovery, if needed, only on Plaintiffs' punitive damages claim.

## IV. Order

For the foregoing reasons, it is

ORDERED that Defendant Tesco Corporation's Motion to Dismiss Based on *Forum Non Conveniens* (Document No. 230), and Defendants Tesco Corporation (US) and Tesco Corporation's Motion for Expedited Consideration (Document No. 232) are both DENIED; and Plaintiffs' Opposed Motion for Leave to File [Fifth] Supplemental and Amended Complaint (Document No. 306) is GRANTED.

---

[9] Id. at 5-6.

[10] Id.

The Docket Control Order is AMENDED as follows:

| | |
|---|---|
| FACT DISCOVERY only on Plaintiffs' punitive damages claim must be completed by: | March 15, 2013 |
|   Written discovery requests are not timely if they are filed so close to this deadline that the recipient would not be required under the Federal Rules of Civil Procedure to respond until after the deadline. | |
| DISPOSITIVE MOTIONS only on Plaintiffs' punitive damages claim by: | April 1, 2013 |
| JOINT PRETRIAL ORDER will be filed by: | May 15, 2013 |
|   Plaintiffs are responsible for timely filing the complete Joint Pretrial Order to include Voir Dire and Jury Issues. | |
| DOCKET CALL is set for: | June 7, 2013 |
| No instrument filed within 7 days before Docket Call will be considered at Docket Call. | 4:00 p.m. |

It is SO ORDERED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 29TH day of January, 2013.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE