IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

KEITH TAYLOR and BARBARA TAYLOR,   §
INDIVIDUALLY and ON BEHALF OF      §
THEIR TWO MINOR CHILDREN, DAVID    §
A. TAYLOR and DARYEL TAYLOR,       §
                                   §
     Plaintiffs,                   §
                                   §
v.                                 §    CIVIL ACTION NO. H-11-00517
                                   §
TESCO CORPORATION (US),            §
TESCO CORPORATION, PRIDE           §
INTERNATIONAL, INC., and           §
MEXICO DRILLING LIMITED, LLC,      §
                                   §
     Defendants.                   §


<u>MEMORANDUM AND ORDER</u>

Pending is Pride International, Inc.'s and Mexico Drilling, LLC's Motion for Summary Judgment (Document No. 307), Tesco Corporation (US)'s Motion for Summary Judgment (Document No. 308), and Tesco Corporation's Motion for Summary Judgment (Document No. 309). After carefully considering the motions, responses, reply, the submissions of the parties regarding choice-of-law, and the applicable law, the Court concludes as follows.

A.   <u>Legal Standard</u>

Rule 56(a) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Once the movant carries

this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted.  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).  A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice.  Id.  "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  Id.  "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . .; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  "The court need consider only the cited materials, but it may consider other materials in the record."  Id. 56(c)(3).

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden."  Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2513 (1986).  All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 106 S. Ct. 1348, 1356 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for

the nonmovant, then summary judgment is proper.  <u>Kelley v. Price-Macemon, Inc.</u>, 992 F.2d 1408, 1413 (5th Cir. 1993).  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  <u>Id.</u>  Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the better course would be to proceed to a full trial."  <u>Anderson</u>, 106 S. Ct. at 2513.

B.   <u>Analysis</u>

The central issue raised by these motions for summary judgment is whether Tesco (US), which Plaintiffs timely sued in Louisiana, can be held liable for Mr. Taylor's accident.  If not, then Tesco (US) is entitled to summary judgment and, the other Defendants argue, they too are entitled to summary judgment based on Louisiana's one-year prescriptive statute.  Defendants previously filed choice-of-law briefs that generally argued that Mexican substantive law applies but, in arguing these motions, no case is advanced to apply Mexican law.  Plaintiffs urge that Texas substantive law applies to their claims.  The focal point on these motions is the Louisiana one-year prescriptive statute and, specifically, whether Plaintiffs' timely-filed suit in Louisiana against Tesco (US) survives and, if not, whether without being able to relate back to the complaint against Tesco (US), the later-filed

3

amended complaint against the other Defendants is barred by the one-year prescriptive statute.

Plaintiffs allege strict products liability, negligence, and breach of warranties of fitness against Tesco (US) and/or Tesco.[1] The Pride Defendants argue that the evidence shows that "a division of Tesco Corporation, not Tesco (US), manufactured and sold top drive unit 154 to a subsidiary of Pride."[2]  After careful review of the summary judgment evidence, the Court finds that the Pride Defendants have not established as a matter of law that Tesco (US) or its predecessor was not the seller of the top drive unit.[3]

Neither Tesco nor Tesco (US) has produced any additional summary judgment evidence to support their motions and therefore

---

[1] Document No. 185-2 (4th Am. Cmplt.).

[2] Document No. 307 at 2.

[3] The Pride Defendants produce a Certificate of Origin and Manufacture from "Tesco Products" stating that: "The Top Drive System component was manufactured October, 1997 in Calgary, Alberta, Canada," and a Proforma Invoice, for top drive unit 154, which identifies Tesco Drilling Technology as the Shipper and Tesco Drilling Technology Inc. as the Consignee.  Document No. 307, exs. 1 & 3.   Tesco (US)'s designated Rule 30(b)(6) corporate representative, Litton Schexnaildre, testified that Tesco Drilling Technology, Incorporated was the predecessor of Tesco (US).  Document No. 316, ex. 1 at 27.  The Pride Defendants also cite deposition testimony from Schexnaildre confirming that the above mentioned documents refer to top drive unit 154, and testimony of Tesco's designated representative, Jonathan Brian O'Blenes, who took issue with some of Schexnaildre's testimony but fell short of clarifying the Tesco corporate history and corporate structures.  At best, material fact issues remain that preclude holding as a matter of law that Tesco (US) did not sell the product.  Document No. 307, ex. 2 at 51, 114-15; Document No. 319, ex. 4 at 20-25.

have also failed to establish as a matter of law that Tesco (US) was not the seller of the top drive unit. Because Tesco (US) has not been shown to be entitled to summary judgment, the remaining Defendants' arguments that there can be no relation back to Plaintiffs' claims against them in Plaintiffs' amended complaint also fail. Accordingly, it is

ORDERED that Pride International, Inc.'s and Mexico Drilling, LLC's Motion for Summary Judgment (Document No. 307), Tesco Corporation (US)'s Motion for Summary Judgment (Document No. 308), and Tesco Corporation's Motion for Summary Judgment (Document No. 309) are DENIED.

The Clerk will enter this Order and provide a correct copy to all parties.

SIGNED at Houston, Texas, on this 22nd day of April, 2013.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE