```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION
```

| | |
|---|---|
| KEITH TAYLOR and BARBARA § <br> TAYLOR, INDIVIDUALLY AND ON § <br> BEHALF OF THEIR TWO MINOR § <br> CHILDREN, DAVID A. TAYLOR and § <br> DARYEL TAYLOR, § <br> § <br> Plaintiffs, § <br> § <br> v. § <br> § <br> TESCO CORPORATION (US), TESCO § <br> CORPORATION, PRIDE § <br> INTERNATIONAL, INC., and § <br> MEXICO DRILLING LIMITED, LLC, § <br> § <br> Defendants. § | CIVIL ACTION NO. H-11-00517 |

## ORDER

Pending is Pride International, Inc.'s and Mexico Drilling Limited, LLC's Motion for Summary Judgment (Document No. 333). Pride International, Inc. and Mexico Drilling Limited, LLC ("the Pride Defendants") previously moved for summary judgment,[1] which motion the Court denied, finding that "the Pride Defendants have not established as a matter of law that Tesco (US) or its predecessor was not the seller of the top drive unit."[2] Although the present motion is styled as a motion for summary judgment, it is in substance a motion for reconsideration of this Court's denial of the Pride Defendants' previous motion based on the same

---

[1] Document No. 307.

[2] Document No. 332 at 4.

arguments, with additional references to Texas statutes not previously cited, but which were in effect at the time of the previous filing.[3]

An interlocutory order is subject to revision at the Court's discretion. *See* Fed. R. Civ. P. 54(b) ("any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims or parties *and may be revised at any time before the entry of a judgment adjudicating all the claims . . . .*") (emphasis added). This discretion "is exercised sparingly in order to forestall the perpetual reexamination of orders and the resulting burdens and delays." Dyson, Inc. v. Oreck Corp., 647 F. Supp. 2d 631, 643 (E.D. La. 2009) (Vance, J.). "A motion for reconsideration may not be used to rehash rejected arguments or introduce new arguments." LeClerc v. Webb, 419 F.3d 405, 412 n.13 (5th Cir. 2005); *see also* Lincoln Gen. Ins. Co. v. De La Luz Garcia, 501 F.3d 436, 442 (5th Cir. 2007) ("[G]enerally speaking, we will not consider an issue raised for the first time in a Motion for Reconsideration." (citations omitted)). The Pride Defendants' second motion for summary judgment reiterates arguments previously made and makes new arguments that could and should have been raised in the first

---

[3] This second "Motion for Summary Judgment" was filed more than six months after the Court-ordered deadline for dispositive/non-dispositive motions. *See* Document No. 248. For that reason alone it is subject to being denied as not having been timely filed.

motion.  They have raised no argument that merits reconsideration of their previous motion.  Accordingly, it is

ORDERED that Pride International, Inc.'s and Mexico Drilling, LLC's Motion for Summary Judgment (Document No. 333) is DENIED.

The Clerk shall notify all parties and provide them with a signed copy of this Order.

SIGNED at Houston, Texas, on this 11th day of September, 2013.

*Ewing Werlein, Jr.*
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE